## THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SUMMIT FOOD ENTERPRISES, INC.** | |
| **Plaintiff,** | **Civil Action No.: 2:13-cv-07748-JLL-JAD** |
| **v.** | |
| **CONTINENTAL CONCESSIONS SUPPLIES INC. AND ADAM GOTTLIEB, Individually, and JUST BORN, INC.** | **OPINION AND ORDER** |
| **Defendants.** | |

**JOSEPH A. DICKSON, U.S.M.J.**

This matter comes before the Court upon the following motions: (1) the motion by Plaintiff

Summit Food Enterprises, Inc., ("Summit"), to amend the Complaint, (ECF No. 24), and (2) the

motion by Defendant Just Born, Inc., ("Just Born"), to dismiss or, in the alternative stay, or transfer

the instant action to the Eastern District of Pennsylvania. (Motion to Dismiss, ECF No. 27). Co-

defendants ("CCSI") and ("Gottlieb") have also requested that in the alternative to dismissal, the

Court stay or transfer this matter to the Eastern District of Pennsylvania. (CCSI & Gottlieb

Response, ECF No. 33). This Court has carefully considered the written submissions of the parties,

as well as the oral arguments presented to the Court on February 27, 2015. For the reasons

expressed below, the Court concludes that venue is improper in this District. The Court therefore,

in its discretion, will transfer, rather than dismiss, this action, pursuant to 28 U.S.C. § 1406(a), to

the United States District Court for the Eastern District of Pennsylvania. [1]

---

[1] The Court need not address the merits of Summit's motion to amend the Complaint, (ECF No. 24), as Plaintiff's Counsel has agreed to withdraw said motion. See February 27, 2015, Oral Argument Transcript at 17.

I.      **BACKGROUND AND PROCEDURAL HISTORY**

Summit brought the instant action against Defendants, CCSI and Gottlieb, individually, alleging tortious interference with contractual relations and intentional interference with a prospective business advantage. (Complaint, ECF. No 1-1). Thereafter, on January 29, 2014, the Complaint was amended by Summit to join Just Born as a Defendant. (Amended Complaint, ECF No. 8). The underlying lawsuit arises out of an alleged agreement entered into by Summit and Just Born, which Summit claims authorized Summit to act as Just Born's exclusive representative in the movie theater concession industry. (Id. at 3).

On or about August 21, 2014, Just Born filed a motion to dismiss or, in the alternative stay, or transfer the instant action. (Motion to Dismiss, ECF No. 27). Specifically, Just Born argues that this Court lacks personal jurisdiction over Just Born. (Id. at 9). Just Born contends that general jurisdiction does not exist because "while Just Born sells products to retailers in New Jersey, Summit has not demonstrated more than such minimum contacts" and that to support the exercise of general jurisdiction, "a defendant must have continuous and systematic contacts with the forum state." (Id. at 9-10). Moreover, Just Born also maintains that this Court does not have specific jurisdiction over it because the lawsuit does not arise from nor is related to Just Born's conduct within New Jersey. (Id. 11).

Just Born also contends that the case should be dismissed, or transferred to the Eastern District of Pennsylvania because New Jersey is an improper venue under 28 U.S.C. §1391(a). (Id. at 11-12). Just Born explains that venue is improper because (1) all the defendants do not reside in New Jersey, (2) the majority of the events giving rise to the litigation did not occur in New

Jersey, but rather in Pennsylvania, and (3) alternative venues, such as the Eastern District of Pennsylvania, exist in which this action could have been properly brought. (Id. at 12).

In support of the position that the Eastern District of Pennsylvania represents an appropriate venue for this action, Just Born emphasizes that a substantial part of the events giving rise to the instant lawsuit occurred in Pennsylvania. (Id. at 21-22). For instance, Just Born contends that its business transactions with CCSI and Gottlieb, as well as its dealings with Summit took place in Pennsylvania. (Id. at 21). Similarly, Just Born also asserts that the Eastern District of Pennsylvania is a proper forum because personal jurisdiction over all of the Defendants exists. (Id. at 23).

Lastly, Just Born argues that dismissal or transfer is appropriate under the "first to file" rule because the instant action arises out of the same transactions and occurrences as does another case, (Civil Action No. 13-cv-07313), which Just Born contends was filed earlier in the Eastern District of Pennsylvania. (Id. at 13). Specifically, Just Born asserts that both actions arise from the same alleged agreement between Just Born and Summit. (Id.) Just Born maintains that the Court should either dismiss, stay, or transfer the instant action because the action pending in the Eastern District of Pennsylvania was filed on December 13, 2013, while Just Born was not joined as a Defendant in the instant action until January 29, 2014, when the First Amended Complaint, (ECF No. 8), was filed by Summit. (Id. at 16; ECF No. 29). Based on this reasoning, Just Born argues that the Eastern District of Pennsylvania action is the first-filed action as Just Born had no ability to contest the claim by Summit until January 29, 2014, more than a month after the Eastern District of Pennsylvania action was filed. (Id. at 16).

On or about September 02, 2014, Summit submitted an opposition to Just Born's motion. (Summit Opp'n, ECF No. 30). Summit argues that the District of New Jersey is an appropriate forum for the following reasons: (1) Just Born defended a similar action brought by AICPC in

3

New York, which is farther away in distance than New Jersey, without any objection to personal jurisdiction, improper venue, or complaints of hardship, inconvenience, or prejudice, (Id. at 4), (2) under the "first to file" rule, Summit filed the original complaint on November 18, 2013, which is prior to the filing of the Eastern District of Pennsylvania complaint, (Id. at 5), (3) CCSI and Gottlieb waived any jurisdictional and venue defenses by failing to file a pre-Answer motion or preserving such defenses in their Answer, as well as by asserting counterclaims against Summit, (Id. at 6-7), (4) this Court has personal jurisdiction over Just Born on the basis of its substantial, continuous and systematic course of business activity in New Jersey, (Id. at 8), (5) New Jersey is a proper venue under 1391(c) because the Court has personal jurisdiction over CCSI, Gottlieb, and Just Born, (Id. at 14), (6) and in addition to not being the "first to file" forum, the Eastern District of Pennsylvania would not afford adequate relief to the parties and is a forum non conveniens, as Summit is located in Massachusetts and CCSI and Gottlieb are located in NY, (Id. at 20-23).

In addition, on or about September 02, 2014, Defendants CCSI and Gottlieb collectively filed an informal letter response to Just Born's motion to dismiss, or in the alternative, stay or transfer the matter to the Eastern District of Pennsylvania. (CCSI & Gottlieb Response, ECF No. 33). In their letter dated September 02, 2014, Defendants CCSI and Gottlieb advise the Court that they have no objections to Just Born's instant motion. (Id. at 1). In fact, Defendants CCSI and Gottlieb state that they "support a stay of this matter pending the outcome of the EDPA Action or that this matter be transferred to the Eastern District of Pennsylvania and consolidated with the EDPA Action to avoid inconsistent decisions." (Id. at 2). Furthermore, Defendants CCSI and Gottlieb contend that they are subject to personal jurisdiction in Pennsylvania, as provided in the Affidavit of Adam Gottlieb, (Affidavit of Adam Gottlieb, ECF No. 28). (Id. at 1). In his affidavit, Adam Gottlieb explains that CCSI is authorized to do business with the State of Pennsylvania, has

generated millions of dollars in revenue from business within Pennsylvania, and has even conducted business with Just Born, a Pennsylvania company within the past year.  (Aff. of Gottlieb, ECF No. 28).

On February 27, 2015, the parties appeared before this Court for oral argument.


## II.    LEGAL STANDARD - Venue

28 U.S.C. § 1404(a) and 28 U.S.C. § 1406(a) are the two provisions governing venue transfers in civil cases.  §1404(a) reads in relevant part, as follows: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  §1406(a) provides in pertinent part: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Distinctions between § § 1404(a) and 1406(a) have to do with discretion, jurisdiction, and choice of law.  Section 1404(a) transfers are discretionary determinations made for the convenience of the parties and presuppose that the court has jurisdiction and that the case has been brought in the correct forum.  Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir.1995); 17A Moore's Federal Practice, § 111.02 (Matthew Bender 3d ed.2006).  Section 1406(a) comes into play where plaintiffs file suit in an improper forum.  Jumara, 55 F.3d at 878; Moore's Federal Practice, supra, § 111.02.  In those instances, district courts are required either to dismiss or transfer to a proper forum.  Goldlawr, Inc. v. Heiman, 369 U.S. 463, 465–66, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962) (emphasizing that federal district courts may transfer—rather

5

than dismiss—cases that plaintiffs initially brought in an improper forum, regardless whether they otherwise have personal jurisdiction).

## III.   DISCUSSION AND ANALYSIS

### A.   Venue in the District of New Jersey

Although Just Born argues that the instant matter must be dismissed, stayed, or transferred to the Eastern District of Pennsylvania because the Court lacks personal jurisdiction over Just Born, or in the alternative, the "first-filed" rule mandates such action by the Court, we have determined that the Court need not address these issues at this time.[2] Generally, a court considers personal jurisdiction before venue, but "'a court may reverse the normal order' when justification exists for doing so." Stalwart Capital, LLC v. Warren St. Partners, LLC, No. CIV. 11-5249 JLL, 2012 WL 1533637, at *3 (D.N.J. Apr. 30, 2012) (quoting Leroy v. Great W. United Corp., 443 U.S. 173, 180, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979)). Moreover, the Third Circuit has found such justification when the venue analysis "resolves" the case. Cumberland Truck Equip. Co. v. Detroit Diesel Corp., 401 F.Supp.2d 415, 419 (E.D.Pa.2005); see, e.g., J.F. Lomma, Inc. v. Stevenson

---

[2] It is noteworthy, however, that the Hon. Joseph F. Leeson, Jr. of the U.S. District Court for the Eastern District of Pennsylvania has already determined that under the "first-filed" rule, the Pennsylvania action was filed first on December 13, 2013. See March 06, 2015 Order and Memorandum, Civil Action No. 13-cv-07313, at 5.

Moreover, consistent with this Court's ruling, District Judge Leeson also found upon a balancing of private and public factors in determining where venue should lay under Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995), that "enforceability of a judgment, access to the court, local interest in deciding a local controversy, and the trial judge's familiarity with Pennsylvania law, all favor Pennsylvania. The remaining factors are neutral. None weighs in favor of New Jersey." Id. at 7.

Crane Servs., Inc., Civ. No. 10–3496, 2011 WL 463051, at *1 n. 1 (D.N.J. Feb.3, 2011); Lomanno

v. Black, 285 F.Supp.2d 637, 640 (E.D.Pa.2003); Leech v. First Commodity Corp. of Boston, 553

F.Supp. 688, 689 (W.D.Pa.1982). Because, as the Court discusses below, venue in the district of

New Jersey is improper and the case may be transferred to the Eastern District of Pennsylvania,

the Court need not consider whether it has personal jurisdiction over Just Born. See Goldlawr,

Inc. v. Heiman, 369 U.S. 463, 466, 82 S. Ct. 913, 916, 8 L. Ed. 2d 39 (1962) (holding language of

§ 1406 is "amply broad enough to authorize the transfer of cases …whether the court in which it

was filed had personal jurisdiction over the defendants or not); see also Gehling v. St. George's

Sch. of Med., Ltd., 773 F.2d 539, 544 (3d Cir. 1985) ( finding "district court lacking personal

jurisdiction can transfer a case to a district in which the case could have been brought originally).

28 U.S.C. § 1391 is the general venue statute. Subsection (b) of the statute deals with

venue in federal question cases, while subsection (a) deals with venue in diversity jurisdiction

actions. Because the Court has jurisdiction on the basis of complete diversity of the parties, rather

than a federal question, §1391(a) is applicable. (Notice of Removal, ECF No. 1). §1391(a)

provides that venue is proper in a diversity action in:

> (1) A judicial district where any defendant resides, if all defendants reside in the
> same State, (2) a judicial district in which a substantial part of the events or
> omissions giving rise to the claim occurred, or a substantial part of property that is
> the subject of the action is situated, or (3) a judicial district in which any defendant
> is subject to personal jurisdiction at the time the action is commenced, if there is no
> district in which the action may otherwise be brought.

28 U.S.C. 1391(a).

7

Moreover, § 1391(c) provides that "under this chapter, a defendant that is a corporation shall be

deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time

the action is commenced." 28 U.S.C. § 1391(c).

### a. Venue Pursuant to § 1391(a)(1)

Upon an analysis of the record, venue cannot be established in New Jersey as to the parties

under section 1391(a)(1) because none of the defendants reside in New Jersey. Just Born is a

resident of Pennsylvania, while CCSI and Gottlieb reside in New York. (Certification of Douglas

J. Smillie, ECF No. 27-1, Affidavit of Adam Gottlieb, ECF No. 28).

### b. Venue Pursuant to § 1391(a)(2)

Moreover, although Summit argues the contrary, venue cannot be established in New

Jersey pursuant to section 1391(a)(2). Summit, in aruging that New Jersey is an appropriate venue

because "Summit has suffered injury in New Jersey and Just Born's contacts with New Jersey are

substantial, continuous, and systematic" is mistaken. (Br. in Opp'n, ECF No. 30 at 7). The Court

notes that Summit's papers mistakenly incorporate language and assertions related to personal

jurisdiction, rather than venue. See, Taube v. Common Goal Sys., Inc., No. CIV.A. 11-2380

(SDW), 2011 WL 5599821, at *4 (D.N.J. Nov. 1, 2011) report and recommendation adopted, No.

CIV.A. 11-2380 SDW, 2011 WL 5825792 (D.N.J. Nov. 16, 2011) (noting confusion between

"jurisdictional facts potentially sufficient to confer personal jurisdiction over a defendant with the

proper venue of a civil action"). For instance, Summit contends venue is proper in New Jersey

because "Just Born is present in New Jersey through its substantial, continuous and systematic course of business activity for more than 50 years…" (Br. in Opp'n, ECF No. 30 at 14). The Third Circuit, however, has established that "[T]he test for determining venue is not the defendant's 'contacts' with a particular district, but rather the location of those 'events or omissions giving rise to the claim.' " Cottman Transmission Systems, Inc. v. Martino, 36 F.3d 291, 294 (3d Cir.1994); accord Bookman v. First Am. Mktg. Corp., 459 F. App'x 157, 161 (3d Cir.2012); Eviner v. Eng, Civ. No. 12–2245, 2013 WL 6450284, at *3 (D.N.J. Dec. 6, 2013). As such, Just Born's contacts with the District of New Jersey are not relevant to the determination of venue.

Instead, pursuant to section 1391(a)(2), the inquiry before the Court is whether a substantial part of the acts giving rise to the instant claim occurred in New Jersey. In making such a determination in cases involving contract claims, such as the one before us, Courts should consider where the contract was negotiated, executed, and performed and where the breach occurred. Leone v. Cataldo, 574 F. Supp. 2d 471, 484 (E.D. Pa. 2008). Here, the Court agrees with Just Born that "this case involves a dispute centering on the existence of a contract alleged to exist between Just Born and Summit which arose in Pennsylvania, and which was partially performed in Pennsylvania through Summit's many orders for product and Just Born filling those orders." (Motion to Dismiss, ECF No. 27-3 at 22-23). Additionally, upon questioning at oral argument, Summit's counsel conceded that the alleged breach of contract did not occur in New Jersey, but rather "either in Pennsylvania or New York." See February 26, 2015, Oral Argument Transcript,

9

at 21. Accordingly, the Court concludes that a substantial part of the alleged conduct giving rise to Summit's claims occurred in Pennsylvania, not New Jersey.

Summit also points to "the loss that Summit Food has suffered in New Jersey" as being requisite for establishing New Jersey as a proper venue. (Br. In Opp'n, ECF No. 30 at 14). While it may be true that the alleged breach of contract has caused Summit to suffer a loss of income and business in New Jersey, the Court is not persuaded that this amounts to a "substantial part of the events giving rise to the claims." As the Third Circuit stated in <u>Cottman Transmission Systems</u>, "[e]vents or omissions that might only have some tangential connection with the dispute in litigation are not enough." <u>Cottman Transmission Sys.</u>, 36 F.3d at 294; <u>see also</u> <u>Loeb v. Bank of Am.</u>, 254 F. Supp. 2d 581, 587 (E.D. Pa. 2003) (finding impact of economic harm insufficient to establish venue in district); <u>see also</u> <u>Manning v. Flannery</u>, No. CIV.A. 09-03190, 2010 WL 55295, at *12 (E.D. Pa. Jan. 6, 2010) (holding plaintiff's allegation of economic harm as a result of his inability to obtain new employment in the Eastern District falls short of the substantiality requirements of § 1391(a)(2)). Accordingly, the Court finds that New Jersey is not a proper venue under §1391(a)(2).

### c. Venue Pursuant to § 1391(a)(3)

Having determined that pursuant to § 1391(a)(1) and (2), New Jersey is not a proper venue, we must finally examine § 1391(a)(3). Section (a)(3) provides that an action may be brought in "a judicial district in which any defendant is subject to personal jurisdiction at the time the action

10

is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. §

1391(a)(3). The plain language of this section makes it clear that in order to be applicable, there

must be "no district in which the action may otherwise be brought." As such, the Court finds that

this section may only be utilized if no other district has personal jurisdiction over the defendants,

and is a proper venue.

The Court having already concluded that pursuant to § 1391(a)(2), the Eastern District of

Pennsylvania is an appropriate venue because a substantial part of the alleged conduct giving rise

to Summit's claims occurred there, need only determine whether the Eastern District of

Pennsylvania has personal jurisdiction over the parties. If this action could have been brought in

the Eastern District of Pennsylvania then venue is not proper in the District of New Jersey under

§ 1391(a)(3).

**B. <u>Personal Jurisdiction in the Eastern District of Pennsylvania</u>**

For the reasons that follow, this Court finds that the Eastern District of Pennsylvania may

properly exercise personal jurisdiction over all the parties in the instant action. It is undisputed

that all three defendants, Just Born, CCSI, and Gottlieb, have consented to the jurisdiction of the

Eastern District of Pennsylvania in their papers. <u>See</u> Certification of Douglas J. Smillie, ECF No.

27-1 at 4; <u>see also</u> Affidavit of Adam Gottlieb, ECF No. 28 at 1-2; <u>see also</u> CCSI & Gottlieb

Response, ECF No. 33). Therefore, the only determination left is whether the Eastern District of

Pennsylvania has personal jurisdiction over Summit, a Massachusetts corporation. The Court finds

11

that Summit, by virtue of being a party in the pending Eastern District of Pennsylvania, (Civil

Action No. 13-cv-07313), is unequivocally subject to jurisdiction there.  Accordingly, the Eastern

District of Pennsylvania may properly exercise personal jurisdiction over all the parties.  As a

result, because the instant action could have been brought in the Eastern District of Pennsylvania,

the District of New Jersey is not a proper venue under the plain language of § 1391(a)(3).

### C.  Transfer Pursuant to 28 U.S.C. § 1406(a)

The final inquiry before the Court is whether transfer pursuant to §1406 is appropriate

under the facts of this case.  As mentioned above, because New Jersey is an improper venue,

section 1406(a) governs this action.  Section 1406(a) states the following in pertinent part:

> (a) The district court of a district in which is filed a case laying venue in the wrong
> division or district shall dismiss, of if it be in the interest of justice, transfer such
> case to any district or division in which it could have been brought.

Therefore, under this section, the Court may transfer the instant action to the Eastern District of

Pennsylvania if the action (1) "could have been brought" there, and (2) the transfer is "in the

interest of justice."  As set forth above, this case could have been brought in the Eastern District

of Pennsylvania because personal jurisdiction exists over the parties there, and venue is proper

there as well.  As such, the Court need only determine whether such a transfer would be in the

interest of justice.  Upon consideration of these interests,[3] and having found that venue is

---

[3] Although "there is no definitive formula or list of factors to consider," the Third Circuit has
identified potential factors it characterized as either private or public interests to be considered
on a motion to transfer, including private interests as follows: "(1) plaintiffs forum preference as

inappropriate in this court and, in lieu of dismissal of this claim, the Court transfers the action to

the District Court for the Eastern District of Pennsylvania.

As there are two pending actions that could potentially result in inconsistent rulings, it is

in the interest of justice to transfer the instant matter to the Eastern District of Pennsylvania. See

Elan Suisse Ltd. v. Christ, No. CIV A 06-3901, 2006 WL 3838237, at *4 (E.D. Pa. Dec. 29, 2006)

(finding presence of a related case in the transferee forum, a powerful reason to grant a change of

venue). In addition, at oral argument, upon questioning, counsel for Summit was unable to provide

a reason why this action should not be transferred to the Eastern District of Pennsylvania, aside

from counsel's argument that New Jersey is a more convenient location for Summit's principal,

Paul Bonfiglio to travel to than Pennsylvania. See February 26, 2015, Oral Argument Transcript,

at 18 ("…for him to get from Boston to New Jersey is - - much easier than for him to get to Lehigh

Valley."). The Court finds this argument unpersuasive as the Eastern District of Pennsylvania

Court is located only about 80 miles away from this Court. As such, if Summit is able to maintain

---

manifested in the original choice; (2) defendant's preference; (3) whether the claim arose
elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial
condition; (5) the convenience of the witnesses but only to the extent that the witnesses may
actually be unavailable for trial in one of the fora; and (6) location of books and records
(similarly limited to the extent that the files could not be produced in the alternative forum)."
Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir.1995). Public interests to be considered
include: "(1) the enforceability of the judgment; (2) practical considerations that could make the
trial easy, expeditious or inexpensive; (3) the relative administrative difficulty in the two fora
resulting from court congestion; (4) the local interest in deciding local controversies at home; (5)
the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state
law in diversity cases." Id.

13

a lawsuit in the District of New Jersey, then it should be able to maintain a lawsuit in the Eastern

District of Pennsylvania.[4]  Moreover, Summit's counsel was also unable to provide the Court with

any witnesses that reside in New Jersey.  See February 26, 2015, Oral Argument Transcript, at 20-

21.

> In addition, at oral argument, counsel for Just Born emphasized the following:
>
> > … the genesis of the case is a letter that Just Born issued out of Pennsylvania on May 1, 2012 that said that Summit was going to their exclusive representative in the – in the movie theater concession field.  That letter was issued out of Pennsylvania by a Just Born employee from Just Born's headquarters in Pennsylvania.  Subsequently, Just Born sent another letter out of Pennsylvania whereby it terminated the exclusive relationship.  That letter also came out of Pennsylvania and was sent to Mr. Bonfiglio in Massachusetts.

See February 26, 2015, Oral Argument Transcript at 19.

The Court finds Just Born's position persuasive as Pennsylvania is where the alleged contract in

issue was entered into, and also where Just Born's purported rescission took place.  Accordingly,

this Court finds that it is in the interest of justice to transfer this matter to the Eastern District of

Pennsylvania.

**CONCLUSION:**

The Court having concluded venue is improper in New Jersey and having determined that

this action could have been brought in the Eastern District of Pennsylvania, and that a transfer is

---

[4] The Court also notes that Summit's counsel conceded that producing records located in their Massachusetts's office was not an inconvenience in this matter because Summit can easily put such records on a computer disk.  See February 26, 2015, Oral Argument Transcript at 19.

in the interest of justice, hereby transfers this matter to the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1406(a).


**JOSEPH A. DICKSON, U.S.M.J.**

cc:    Hon. Jose L. Linares, U.S.D.J.